UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED
MAR 0 4 2015
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 3:15-CR-__29__ |
| Plaintiff, ) | |
| v. ) | JUDGES Varlan Shirley |
| ) | |
| ▉ ) | |
| JASON ANDERSON, ) | |
| MARCUS MORGAN, and ) | **UNDER SEAL** |
| MELISSA ARMES, ) | |
| ) | |
| Defendants. ) | |

## INDICTMENT

### Count One

The Grand Jury charges that, from in or about March 2013, and continuing through on or about March 4, 2015, in the Eastern District of Tennessee and elsewhere, the defendants, ▉ ▉ **JASON ANDERSON, MARCUS MORGAN,** and **MELISSA ARMES,** did knowingly, intentionally, and without authority combine, conspire, confederate, and agree with one another, and with Stephanie Puckett, charged in another indictment, Shannon Hill, charged in another indictment, Patricia Newman, charged in another indictment, and with others, to commit violations of Title 21, United States Code, Section 841(a)(1), that is, to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(C).

1

## DRUG CONSPIRACY FORFEITURE ALLEGATIONS

The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841 and 846, the defendants, **JASON ANDERSON, MARCUS MORGAN,** and **MELISSA ARMES,** shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

### Money Judgment

A sum of money of at least $300,000, which represents the minimum amount of money paid to the defendants directly or indirectly for controlled substances during the course of the conspiracy alleged in the Indictment, in violation of Title 21, United States Code, Sections 846 and 841.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

2

Case 3:15-cr-00029-TAV-CCS   Document 26   Filed 04/06/15   Page 2 of 5   PageID #: 62

## Count Two

The Grand Jury further charges that, from in or about March 2013, and continuing through on or about March 4, 2015, in the Eastern District of Tennessee and elsewhere, the defendants,

**JASON ANDERSON, MARCUS MORGAN,** and **MELISSA ARMES,** did knowingly, intentionally, and without authority combine, conspire, confederate, and agree with one another, and with Stephanie Puckett, charged in another indictment, Shannon Hill, charged in another indictment, Patricia Newman, charged in another indictment, and with others, to commit certain offenses against the United States in violation of Title 18, United States Code, Section 1956 as follows:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is distribution of and possession with intent to distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of a specified unlawful activity, that is distribution of and possession with intent to distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is distribution of and possession of with intent to distribute a

3

mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity, that is, distribution of and possession of with intent to distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), all in violation of Title 18, United States Code, Section 1956(h).

## **MONEY LAUNDERING FORFEITURE ALLEGATIONS**

The allegations contained in Count One are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 982(a)(1), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h). Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Sections 982(a)(1), 1956(a)(1)(A)(i), and 1956(a)(1)(B)(i), in the event of any defendants' conviction under Count Fifty-Seven of this Indictment.

Pursuant to Title 18, United States Code, Sections 982(a)(1), 1956(a)(1)(A)(i), and 1956(a)(1)(B)(i), the defendants, **JASON ANDERSON, MARCUS MORGAN,** and **MELISSA ARMES,** and shall, upon conviction, forfeit to the United States any

4

and all property involved in a violation of Title 18, United States Code, Section 1956, and any and all property traceable thereto, including but not limited to:

### Money Judgment

A sum of money of at least $300,000, which represents the minimum amount of money representing property involved in or traceable to violations of Title 18, United States Code, Sections 1956 and 1957.

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

_____
Tracy L. Stone
Assistant United States Attorney

5